IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIANA TUCKER, as the parent and natural guardian of her son, Jelani Christmas (a minor),<br><br>   *Plaintiff*,<br><br>  v.<br><br>SCHOOL DISTRICT OF PHILADELPHIA and TERRENCE WALSH,<br><br>   *Defendants*. | CIVIL ACTION<br>NO. 19-889 |

**PAPPERT, J.**                          August 13, 2019

<u>**MEMORANDUM**</u>

  Briana Tucker, on behalf of her son Jelani Christmas, sued the School District of Philadelphia and special education teacher Terrence Walsh under 42 U.S.C § 1983 and state tort laws. Tucker claims Walsh physically assaulted Christmas at school using excessive force and depriving Christmas of equal protection of the law. Walsh and the School District jointly moved to dismiss the Complaint, and the Court granted Tucker leave to amend. Defendants filed a second Motion to Dismiss the Amended Complaint. The Motion is granted in part, again with leave to amend, and denied in part for the reasons that follow.

I

  In March of 2018, Jelani Christmas was a fifth-grade student at J. Hampton Moore Elementary School in Philadelphia. (Am. Compl. ¶ 13, ECF No. 7.) Christmas, who has a learning disability, was enrolled in Terrence Walsh's special education class. (*Id.* at ¶¶ 13–14.) The Amended Complaint alleges that on March 22, 2018, Walsh

"became incited and assaulted [Christmas] because he did not put his pencil back in the appropriate place." (*Id.* at ¶ 16.) Walsh "grabbed [Christmas] by his neck and choked him," then "repeatedly pushed [Christmas's] head and body against the school room wall." (*Id.* at ¶ 17.) The assault occurred "during class in front of other students." (*Id.*)

The Amended Complaint alleges that the "School District's policy failed to train . . . Walsh in applying physical restraints against its students." (*Id.* at ¶ 22.) The School District did not fire, re-train or discipline Walsh after he assaulted Christmas. (*Id.* at ¶ 23.) Instead, Christmas was moved to another classroom. (*Id.*)

Tucker seeks damages under 42 U.S.C. § 1983 from both Defendants for use of excessive force (Count I) and from the School District for depriving Christmas of equal protection of the law (Count II). She claims both Defendants are also liable under Pennsylvania law for intentional infliction of emotional distress (Count III) and assault and battery (Count IV).

II

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted). While a complaint need not include detailed facts, it must provide "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

*Twombly* and *Iqbal* require the Court to take three steps to determine whether the complaint will survive defendants' motion to dismiss. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, it must "take note of the elements the plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Next, it must identify the allegations that are no more than legal conclusions and thus "not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, where the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). The Court should "construe truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 791.

III

Section 1983 imposes civil liability on any person who, acting under the color of state law, deprives another person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citing *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000)). Section 1983 does not create substantive rights; it provides a remedy for the violation of federal constitutional or statutory rights. *Id.*

A § 1983 claim against a municipality may proceed in two ways: the plaintiff may allege that an unconstitutional municipal policy or custom led to his injuries or that his injuries were caused by a failure or inadequacy by the municipality that

3

reflects a deliberate or conscious choice. *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (citing *Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019)). A plaintiff alleging an unconstitutional policy must point to "an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject." *Id.* A plaintiff alleging an unconstitutional custom "must evince a given course of conduct so well-settled and permanent as to virtually constitute law." *Id.* (citing *Estate of Roman*, 914 F.3d at 798). The plaintiff must also allege that the policy or custom was the proximate cause of his injuries by demonstrating an "affirmative link" between the policy or custom and the constitutional violation. *Estate of Roman*, 914 F.3d at 798 (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996) and quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff alleging that his injuries were caused by a failure or inadequacy by the municipality must demonstrate "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Forrest*, 930 F.3d at 106 (citing *Estate of Roman*, 914 F.3d at 798 and *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999)).

A

Count I of the Amended Complaint alleges that both Defendants are liable under § 1983 for use of excessive force. Excessive force claims brought under § 1983 are not governed by a single generic standard. *Graham v. Connor*, 490 U.S. 386, 393 (1989). "In addressing an excessive force claim brought under § 1983," the Court must first "identify[ ] the specific constitutional right allegedly infringed by the challenged

4

application of force." *Id.* at 394 (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)). "The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right . . . ." *Id.* (citations omitted).

Tucker alleges that Walsh's use of excessive force violated her son's Fourth and Fourteenth Amendment rights. *See* (Am. Compl. ¶ 30). The Third Circuit Court of Appeals has held that "the 'momentary use of physical force by a teacher in reaction to a disruptive or unruly student does not effect a seizure of the student under the Fourth Amendment,' and therefore 'is a scenario to which the Fourth Amendment does not textually or historically apply." *Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 172 (3d Cir. 2001) (quoting *Kurilla v. Callahan*, 68 F. Supp. 2d 556, 563 (M.D. Pa. 1999)). On the other hand, "[a] decision to discipline a student, if accomplished through excessive force and appreciable physical pain, may constitute . . . a violation of substantive due process prohibited by the Fourteenth Amendment." *Metzger ex rel. Metzger v. Osbeck*, 841 F.2d 518, 520 (3d Cir. 1988) (citing *Hall v. Tawney*, 621 F.2d 607, 611 (4th Cir. 1980)). The Court will accordingly review Tucker's claim by reference to her son's right to substantive due process under the Fourteenth Amendment. *See MG ex rel. LG v. Caldwell-W. Caldwell Bd. of Educ.*, 804 F. Supp. 2d 305, 317 (D.N.J. 2011) (applying substantive due process standard to special education student's excessive force claim brought under Fourth and Fourteenth Amendments).

The substantive component of the Due Process Clause "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Joseph M. v. Ne. Educ. Intermediate Unit 19*, 516 F. Supp. 2d 424, 440 (M.D. Pa. 2007), *on reconsideration*, 2007 WL 2845004 (M.D. Pa. Sept. 26,

5

2007) (quoting *Gottlieb*, 272 F.3d at 172).  Substantive due process is violated by conduct that "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Gottlieb*, 272 F.3d at 172 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)).  The Third Circuit Court of Appeals has identified four questions for courts to consider when applying this standard: (1) "[w]as there a pedagogical justification for the use of force?"; (2) "[w]as the force utilized excessive to meet the legitimate objective in this situation?"; (3) "[w]as the force applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm?" and (4) "[w]as there a serious injury?" *Id.* at 173.

Tucker claims that her son was "grabbed . . . by his neck," "choked . . . and then repeatedly pushed . . . against the school room wall" by Walsh, his special education teacher, in front of other students.  (Am. Compl. ¶ 17.)  She further alleges that the assault was prompted only by her son's failure to "put his pencil back in the appropriate place."  (*Id.* at ¶ 16.)  Accepting these allegations as true, the Amended Complaint has sufficiently stated a claim for a violation of Christmas's right to substantive due process.  *C.f. S.B. ex rel. D.M. v. City of Phila.*, 2007 WL 3010528 at *3 (E.D. Pa. Oct. 12, 2007) ("Issues of this sort are fact-bound. They cannot be resolved on the pleadings.").  Indeed, the School District does not argue that the excessive force claim should be dismissed on this ground.

Instead, the School District argues that Tucker's Amended Complaint does not sufficiently allege municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

6

(1978).¹ Tucker alleges the School District had a "policy and/or custom . . . to improperly train and investigate acts of misconduct by its employees . . . including . . . Walsh, such that these acts . . . were tolerated and known by the School District . . . including the incident involving [Christmas] in this matter." (Am. Compl. ¶ 36.) Tucker claims the School District had a "policy and/or custom . . . to inadequately supervise and train its employees, including [Walsh], thereby failing to adequately discourage further constitutional violations." (*Id.* at ¶ 37.) According to the Amended Complaint, the School District "did not require appropriate in-service training or re-training of teachers who were known to have engaged in propensities for violence, unlawful arrests, unlawful detainments and/or unlawful behavior and misconducts." (*Id.*)

The Amended Complaint reproduces two paragraphs of a purported School District policy regarding physical restraint of students who exhibit aggressive behavior at school. *See* (*Id.* at ¶ 38). Tucker alleges that this policy is "inadequate" and "'deliberate[ly] indifferen[t]' to special needs students because it fails to offer clear instruction to staff regarding what methods of restraints they can use" and "fails to protect special needs students from assaultive conduct." (*Id.* at ¶ 46–47.) The Amended Complaint also alleges that the School District was "aware of historically similar unlawful conduct against special needs students by teachers and staff but failed

---

¹ Walsh does not argue, nor can he, that he is not a state actor subject to liability under § 1983 if Tucker is able to establish a violation of Christmas's Fourteenth Amendment rights. *See New Jersey v. T.L.O.*, 469 U.S. 325, 336 (1985) ("We have held school officials subject to the commands of . . . the Due Process Clause of the Fourteenth Amendment . . . .") (citing *Goss v. Lopez*, 419 U.S. 565 (1975)). Accordingly, the Motion to Dismiss Count I is denied as to Walsh.

7

to take precautions against future violations and this failure led to [Christmas's] constitutional deprivation and his other injuries." (*Id.* at ¶ 50.)

With respect to the first method of establishing municipal liability, *see Forrest*, 930 F.3d at 105, the Amended Complaint does not sufficiently allege that a municipal policy or custom caused Christmas's injuries. Tucker does not claim that Walsh was executing a School District policy, proclamation or edict when he decided to assault Christmas. *See Monell*, 436 U.S. at 690. Nor does she allege that Walsh acted pursuant to a custom of constitutional violations so well-settled as to constitute the "standard operating procedure" of the School District. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). She alleges, with no supporting factual assertions, that the School District knew of "historically similar unlawful conduct against special needs students," (Am. Compl. ¶ 50), but such "vague assertions of policy or custom" are insufficient to survive a motion to dismiss. *Buoniconti v. City of Phila.*, 148 F. Supp. 3d 425, 438 (E.D. Pa. 2015) (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) and citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 822 (1985)).

With respect to the second method of establishing municipal liability, Tucker has not sufficiently alleged that the School District failed to train, supervise and/or discipline its employees such that it was deliberately indifferent to students' rights to be free from excessive force. The Amended Complaint alleges that the School District has a policy regarding physical restraint of students who exhibit aggressive behavior at school. (Am. Compl. ¶ 38.) Walsh allegedly violated the policy when he used excessive force against Christmas. Tucker apparently asks the Court to infer that, because

8

Walsh violated the policy, the School District was deliberately indifferent to the need to train, supervise and/or discipline him and other employees. She needs to allege more facts before the Court can do so. *See Connelly*, 809 F.3d at 786–87.

To sufficiently plead municipal liability for failure to train, a complaint must "demonstrate that a [municipality's] failure to train its employees 'reflects a deliberate or conscious choice.'" *Estate of Roman*, 914 F.3d at 798 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)). Tucker's Amended Complaint alleges that the School District "did not require appropriate in-service training or re-training of teachers who were known to have engaged in propensities for violence, unlawful arrests, unlawful detainments and/or unlawful behavior and misconducts" and was "aware of historically similar unlawful conduct against special needs students . . . but failed to take precautions against future violations." (Am. Compl. ¶¶ 37, 50.) These "bald assertions" are not entitled to the assumption of truth. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)). The Court cannot, without sufficient factual matter to support the allegations, reasonably infer that the School District failed to train, supervise and/or discipline its employees or that any such failure reflected a deliberate or conscious choice. Accordingly, Defendants' Motion to Dismiss Count I is granted as to the School District.

Federal Rule of Civil Procedure 15(a)(2) states that the Court "should freely give leave [to amend] when justice so requires." "This certainly includes amendment to cure defective allegations." *Shifflett v. Korszniak*, 2019 WL 3772104 at *7 (3d Cir. Aug. 12, 2019) (citing 6 Wright & Miller, Federal Practice and Procedure: Civil § 1474 (3d ed.

2019)). Tucker is free to amend her Complaint one last time to the extent she can allege facts which support her conclusions and show that the School District was deliberately indifferent to the need to train, supervise and/or discipline its employees regarding physical restraint of students, and that this deliberate indifference caused Christmas's alleged injuries.

B

Count II of the Amended Complaint alleges that the School District is liable under § 1983 for violating Christmas's right to equal protection of the law. Under the Fourteenth Amendment, no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1; *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A party making an equal protection claim under § 1983 "must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Handley v. Phillips*, 715 F. Supp. 657, 673 (M.D. Pa. 1989) (quoting *Huebschen v. Dep't of Health & Soc. Serv.*, 716 F.2d 1167, 1171 (7th Cir. 1983)); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990) (citing *Batson v. Kentucky*, 476 U.S. 79, 93 (1986)).

The Amended Complaint does not allege that Walsh assaulted Christmas because of his learning disability or membership in any other particular class. Instead, it claims that the assault occurred "because [Christmas] did not put his pencil back in the appropriate place." (Am. Compl. ¶ 16.) Tucker does not address this deficiency in her Response to Defendants' Motion and Count II is dismissed accordingly.

IV

Tucker also claims that both Defendant are liable under Pennsylvania law for intentional infliction of emotional distress, assault and battery. The School District believes it is immune from tort liability under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. §§ 8541–8550. Both Defendants also argue that the Amended Complaint fails to state an IIED claim.[2]

The PSTCA provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Cons. Stat. § 8541. Walsh's alleged conduct does not fall within any of the statutory exceptions to this broad immunity.[3] Therefore, the School District is immune from liability for IIED and assault and battery under the PSTCA.

Agency employees are generally immune from liability under the PSTCA for acts committed within the scope of their employment. 42 Pa. Cons. Stat. § 8545 ("An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency.") Immunity does not extend, however, to acts which constitute "a crime, actual fraud, actual malice or willful misconduct." 42 Pa. Cons. Stat. § 8550. Willful misconduct has been defined as

---

[2] Walsh does not argue that the Amended Complaint fails to state a claim against him for assault and battery.

[3] The exceptions to immunity provided by statute are: (1) vehicle liability, (2) care, custody or control of personal property, (3) real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks and (8) care, custody or control of animals. 42 Pa. Cons. Stat. Ann. § 8542(b).

11

"conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow." *Sanford v. Stiles*, 456 F.3d 298, 315 (3d Cir. 2006) (quoting *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994)). Essentially, willful misconduct is "synonymous with the term 'intentional tort.'" *Id.*

"To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and dangerous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe." *Vicky M. v. Ne. Educ. Intermediate Unit*, 689 F. Supp. 2d 721, 739 (M.D. Pa. 2009) (quoting *Hoy v. Angelone*, 691 A.2d 476, 482 (Pa. Super. Ct. 1997)). Extreme and outrageous conduct is conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possibly bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987 (Pa. Super. Ct. 1997). Generally, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous'!" *Id.* Objective proof of an injury is required. *Gray v. Huntzinger*, 147 A.3d 924, 928 (Pa. Super. Ct. 2016).

Tucker alleges that, because her son "did not put his pencil back in the appropriate place" during his special education class, his six-foot, five-inch teacher "became incited," "grabbed [Christmas] by the neck and choked him and then repeatedly pushed his body against the school room wall during class in front of other students." (Am. Compl. ¶¶ 14–17.) These allegations are sufficient to survive a motion to dismiss.

V

Finally, Defendants argue that Tucker cannot recover punitive damages. The Court will address this argument only with respect to the claims that survive dismissal: the § 1983 claim against Walsh for violating Christmas's right to substantive due process and the state law claims against Walsh for IIED, assault and battery.[4]

Punitive damages are available from Walsh under § 1983 if Tucker can establish that Walsh was "motivated by evil motive or intent" or if his conduct "involve[d] reckless or callous indifference to [Christmas's] federally protected rights." *Smith v. Wade*, 461 U.S. 30, 56 (1983). At this stage, Tucker has alleged sufficiently egregious conduct to seek punitive damages from Walsh under § 1983. Punitive damages are also available on Tucker's intentional tort claims. *E.N. v. Susquehanna Twp. Sch. Dist.*, 2010 WL 4853700 at *22 (M.D. Pa. Nov. 23, 2010) (citing *Udujih v. City of Phila.*, 513 F. Supp. 2d 350, 358 (E.D. Pa. 2007)).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[4] Even if Tucker amends the Complaint to sufficiently allege that the School District is liable for violating Christmas's right to substantive due process under § 1983, punitive damages are not available from the School District. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, (1981).